UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

Eastern District of Kentucky
F I L E D

JUL 2 6 2006

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-386-GWU

WILLIAM MCCARTY,                                          PLAINTIFF,

VS.                        **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.

### INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative

denial of his applications for Disability Insurance Benefits (DIB) and Supplemental

Security Income (SSI).  The appeal is currently before the Court on cross-motions

for summary judgment.

### APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial

review of Social Security disability benefit cases:

1.  Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled.  If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.  Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled.  See 20 C.F.R. 404.1508, 416.908.

3.  Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities?  If yes, proceed to

1

McCarty

Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4.   Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.   Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.   Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7.   Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

2

McCarty

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.    20 C.F.R. Section 404.1529 (1991).    However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively

3

McCarty

established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

4

McCarty

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most

5

McCarty

of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's

6

McCarty

physical and mental impairments.  <u>Varley  v. Secretary of Health and Human</u>
<u>Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The administrative law judge (ALJ) found that McCarty suffered from carpal
tunnel syndrome and sleep apnea.  (Tr. 18).  He concluded that the plaintiff was
limited to medium level work with a variety of non-exertional restrictions (Tr. 21-22)
and would be unable to return to his past relevant work (Tr. 23, 25).  Based on the
testimony of a vocational expert (VE), McCarty was deemed capable of performing
significant numbers of alternative light and sedentary jobs.  (Tr. 23-24, 25).  Thus,
the claims for benefits were denied.

The hypothetical question given to the VE, and for which the alternative jobs
were identified, reflected the following factors: (1) a high school education, (2) a
limitation to medium level exertion, (3) the ability to engage in gross manipulation
with both upper extremities on only an occasional basis, (4) a need to avoid
concentrated exposure to vibration and vibratory tools, dangerous machinery or
equipment and (5) an inability to operate motor vehicles.  (Tr. 260).  These factors
were consistent with the limitations expressed in a form by non-examining Medical
Reviewer C. Hernandez (Tr. 143-150) and seemingly agreed to by Medical Reviewer
S. Mukherjee (Tr. 155),[1] neither of whom addressed the opinions later offered by

---

[1]A residual functional capacity form with similar results was unsigned.  (Tr. 93-100).

7

McCarty

examining sources. See Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994). Thus, the ALJ's reliance on these factors was problematic, and particularly so, given the remainder of the administrative record.

Additionally, one of the two medical reviewers indicated that no NCV studies had been performed, presumably to confirm the diagnosis of carpal tunnel syndrome. (Tr. 151). Yet EMG/NCV studies were referred to in the report of Treating Physician Thomas Smith (Tr. 193) and the record appears to show the raw results of such a study on the date the physician had indicated (Tr. 111-112). Smith indicated that the results were consistent with carpal tunnel syndrome, worse on the right (Tr. 193). On a separate form, Smith himself opined that the plaintiff was able to lift less than ten pounds maximum, a limitation he ascribed exclusively to carpal tunnel (Tr. 195). Whatever may be said about Smith's other diagnoses and the other limitations offered by the physician, this lifting restriction was supported by clinical evidence.

Further, the lifting restriction was consistent with other evidence of record.

The plaintiff testified that he could only lift five pounds. (Tr. 248). This is not inconsistent with the treating source's lifting restrictions.

Dr. Kevin Bayes, incorrectly characterized by the ALJ as a non-examining physician (Tr. 22), also interpreted the 10/10/03 EMG studies as establishing carpal tunnel syndrome (Tr. 213, 223). He also noted decreased grip, strength, thenar wasting, and a positive Tinel's sign based on his examination of February 7, 2004.

8

McCarty

(Tr. 212-213).  Similar to Dr. Smith, he suggested lifting weights definitely <u>less</u> <u>than</u> ten pounds.  (Tr. 215, 216).

The ALJ stresses that the only limitation suggested by Dr. Roger Jurich, who also evaluated the plaintiff's carpal tunnel syndrome, was a need to wear wrist splints.  (Tr. 21).  However, this physician did not complete an assessment form, as did Smith or Bayes.  Notably, the notes provided by the doctor's physician's assistant contain a notation about the NCV results (Tr. 124) and the physician did not doubt the carpal tunnel diagnosis (e.g., Tr. 120).  The physician in fact referred the patient to another physician for further evaluation (Tr. 123).[2]  Thus, his information did <u>not</u> contradict the opinions of Smith and Bayes.

The case will be remanded for further consideration.

This the ___ Z6 ___ day of July, 2006.

G. WIX UNTHANK
SENIOR JUDGE

---

[2]The plaintiff was scheduled for a left carpal tunnel release in mid-2004, to be financed by worker's compensation (Tr. 156).  The plaintiff later indicated that worker's compensation would not pay for the surgery.  (Tr. 245).  Dr. Jenkinson, the surgeon, noted that the plaintiff had no money and no regular health insurance (Tr. 158).  Dr. Smith later indicated the plaintiff could not afford surgery.  (Tr. 191).

9